UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KIMBERLY R. [1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 4:22cv40 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act. Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3).  It is not enough for a plaintiff to establish that an impairment exists.  It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity.  *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979).  It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff.  *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g).  "Substantial evidence is defined as 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977).  "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2024.

2. The claimant has not engaged in substantial gainful activity since October 2, 2019, the alleged onset date (20 CFR 404.1571 *et seq*.).

2

3. The claimant has the following severe impairments: residuals from a cervical fusion, degenerative disc disease of the lumbar spine, chronic pain disorder, and chronic headaches/migraines (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) with exceptions. Specifically, the claimant is able to lift and/or carry 10 pounds occasionally and up to 10 pounds frequently, stand and/or walk 2 hours in an 8-hour workday, and sit 6 hours in an 8-hour workday. She is never to climb ladders, ropes ,or scaffolds, but is occasionally able to climb ramps and stairs, and balance, stoop, kneel, crouch, and crawl. The claimant is frequently able to handle and to finger with the bilateral upper extremities. Next, she is never to be exposed to unprotected heights or dangerous moving machinery. The claimant would require a sit/stand option whereby the claimant must be able to stand for a few minutes after sitting for 30-minutes, but can remain on task.

6. The claimant is capable of performing past relevant work as a glass inspector and order clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from October 2, 2019, through the date of this decision (20 CFR 404.1520(f)).

(Tr. 12-21).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed her opening brief on December 19, 2022. On February 27, 2023 the defendant filed a memorandum in support of the Commissioner's decision, to which Plaintiff replied on April 27, 2023. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See*

*Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987).  The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order:  (1)  Is the claimant presently unemployed?  (2)  Is the claimant's impairment "severe"?  (3)  Does the impairment meet or exceed one of a list of specific impairments?  (4)  Is the claimant unable to perform his or her former occupation?  (5)  Is the claimant unable to perform any other work within the economy?  An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled.  A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984).   In the present case, Step 4 was the determinative inquiry.

In support of remand, Plaintiff first argues that the ALJ's credibility analysis was erroneous. Plaintiff contends that the ALJ failed to specify which of Plaintiff's statements were inconsistent with which evidence. Plaintiff claims that the ALJ relied almost exclusively on the objective medical evidence and did not fully consider Plaintiff's subjective complaints and symptoms.  Plaintiff acknowledges that the ALJ discussed Plaintiff's subjective symptoms but claims that the ALJ merely summarized Plaintiff's testimony about her symptoms and did not analyze it *viz-`a-viz* the objective evidence.

A review of the decision reveals that the ALJ fully considered Plaintiff's statements and hearing testimony and also discussed the record evidence.  Although the ALJ did not specifically state which piece of evidence contradicted which of Plaintiff's statements or testimony, this was

4

not needed as the decision is self-explanatory.  If one reads Plaintiff's statements and testimony, as set forth in the decision and then reads the ALJ's recitation of the medical evidence, the decision as a whole is logical, coherent, and one can easily discern the ALJ's reasoning for finding Plaintiff's statements not entirely credible. (Tr. 13-14, 16-18).  The Court is aware that ALJ's do not have unlimited time for writing each decision and does not expect an ALJ to match up every statement in a Plaintiff's testimony with the corresponding contradictory objective evidence in the record.  Here, the ALJ discussed Plaintiff's impairments, her improvement with treatment, the objective medical evidence and built the requisite logical bridge to her factual findings.  This Court agrees with the Commissioner that "a commonsensical reading" of the decision is appropriate.  *See Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010).

     Next, Plaintiff argues that the ALJ erred in assessing the medical opinions.  Plaintiff claims that the ALJ rejected the State Agency medical consultants' opinions and substituted her lay opinions, and relied on the unsupported State agency psychological consultants' opinion in assessing Plaintiff's mental impairments.  With respect to the State Agency medical consultants' opinions, the consultants opined that Plaintiff could perform light work (Tr. 70-71, 80). The ALJ found these opinions non-persuasive and held that Plaintiff could only perform sedentary work. (Tr. 16).  Plaintiff claims that no medical source assessed the raw medical evidence and thus the ALJ was not permitted to base the RFC on the medical evidence.  In her decision, the ALJ held that the state agency opinions were unpersuasive because the evidence demonstrated that, following her cervical fusion, Plaintiff was limited to lifting ten pounds, consistent with sedentary work. (Tr. 18). The ALJ also added manipulative limitations due to Plaintiff's neck issues, as well as a sit/stand option to accommodate Plaintiff's need to change positions.  (Tr. 19-19).  Plaintiff's

5

allegation that the ALJ was interpreting "raw medical evidence" is quite a stretch. The issue here was how many pounds Plaintiff could lift, which is well within the ALJ's ability to discern based on the medical evidence. This is not a case where, for example, the ALJ was interpreting blood work or MRIs or X-rays. It is the ALJ's responsibility to assess Plaintiff's ability to perform work-related activities, as per 20 CFR 404.1546(c), and that is precisely what the ALJ did in this case.

With respect to the psychological consultants' opinions, which the ALJ found persuasive, Plaintiff complains that the opinions were based solely on Plaintiff's history of anxiety and depression and ability to engage in activities of daily living. Plaintiff contends that there is no evidence that the consultants considered the mental impact of Plaintiff's headaches and chronic pain. The consultants found that Plaintiff had no more than mild limitations in the "B Criteria". Plaintiff argues that her symptoms and medications produce greater than mild mental limitations. However, Plaintiff has failed to meet her evidentiary burden of showing that the evidence demonstrates that greater limitations were appropriate. Although Plaintiff offers her own interpretation of the evidence, she has not shown that the decision is not supported by substantial evidence.

As the decision is supported by substantial evidence and Plaintiff's alleged errors have no merit, the decision will be affirmed.

<u>Conclusion</u>

On the basis of the foregoing, the decision of the Commissioner is hereby AFFIRMED.

Entered: May 18, 2023.

<u>s/ William C. Lee</u><br>
William C. Lee, Judge<br>
United States District Court